EGBERT H. EVERIST, APPELLEE, v. MANGELSDORF BROTHERS COMPANY, APPELLANT.

FILED DECEMBER 4, 1913. No. 17,422.

Brokers: ACTION FOR COMMISSION: REVIEW. Record examined, and *held* free from any prejudicial error.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Affirmed.*

*C. E. Eldred*, for appellant.

*W. S. Morlan, contra.*

FAWCETT, J.

Plaintiff brought suit in the district court for Red Willow county, for $210.23, claimed to have been earned as commission in purchasing alfalfa seed for defendant. Verdict and judgment for plaintiff. Defendant appeals.

The answer admits a balance due, in the sum alleged, but as a defense to the action alleges that plaintiff is not the real party in interest; that defendant's contract was with the firm of Relph & Everist, of which firm plaintiff is a member, and also alleges that plaintiff included in one car of seed 25,550 pounds claimed to have been purchased from his copartner Relph, and for which he claimed to have paid $8 per bushel, when the same was worth not to exceed $7.20 per bushel, for the reason that the seed had not been properly cleaned and therefore contained 14 per cent. of chaff and other foreign matter, to defendant's damage in the sum of $338.40, which it was alleged left a balance due from plaintiff to defendant of $128.35. The reply was a general denial.

Upon the trial plaintiff took the stand in his own behalf, and testified substantially that the contract was with him individually; that his partner Relph had no interest in the contract and took no part in the performance of the

service. Defendant offered no evidence to controvert plaintiff's testimony, but contends that because plaintiff on cross-examination admitted that in buying the alfalfa seed for defendant he used the firm money, that he deposited the drafts received from time to time from defendant, aggregating something over $10,000, to the credit of the firm in the latter's bank, and also turned over to the firm his commission earned in the purchase of the seed, it necessarily follows that the transaction was a firm transaction. We think it is immaterial what money plaintiff used in paying for the alfalfa seed, or what he did with the commission which he earned in representing defendant. The question is, was he acting individually for the defendant? The uncontradicted evidence of the plaintiff is that, when defendant's representative called upon him, he said he wanted to get a man in that locality to buy alfalfa seed; that plaintiff expressed a willingness to represent him in that capacity; that before making the contract plaintiff and defendant's representative drove into the country on two different occasions and examined alfalfa seed at different places, at which times defendant's representative had plaintiff examine the seed and pass his judgment upon it, so as to demonstrate whether or not he knew good seed from poor and what amount of dirt and foreign matter would actually be in the seed; that after applying this test he said he thought plaintiff's judgment was fairly good, and thereupon engaged plaintiff to represent defendant in purchasing two car-loads of seed. The district court fairly submitted to the jury the question as to the relationship of the parties; that is to say, as to whether or not defendant contracted with plaintiff individually or with the firm of Relph & Everist, and the evidence sustains the verdict upon that point.

Defendant objects to instruction No. 5½. We have examined this instruction carefully and are unable to find any error in it. Defendant also urges that the court erred in giving instruction No. 7. We are not prepared to say that instruction No. 7 is free from error, but if it is in

any respect erroneous the error is against plaintiff, and not defendant. It is next urged that the court erred in refusing to give instruction No. 4, requested by defendant. The concluding paragraph of this instruction is: "You are instructed that, under such circumstances, the plaintiff being an agent of the defendant, would have to exercise absolute good faith and should be held strictly accountable to defendant for all of his acts in connection with the purchase of said alfalfa seed from his partner, T. J. Relph, for defendant, and that all his acts connected therewith should be subjected to the strictest scrutiny, and he is liable to the defendant for any negligence or carelessness on his part in the inspection and purchase of said alfalfa seed." The objection to this instruction is, there is no evidence in the record to sustain the allegations of defendant's answer that plaintiff was guilty of any negligence or carelessness in the inspection and purchase of seed from Relph. Had the allegations of defendant's answer been sustained by proof, then defendant's objection upon this point would probably have been good. It may be that defendant had a valid counterclaim against plaintiff, as alleged in the answer, but there is no proof of that fact.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.